IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VIOREL ROTAR,

    Plaintiff,

vs.                    No. CIV S-06-0970 MCE GGH PS

COLETTE SKAGGS, et al.,

    Defendants.        ORDER TO SHOW CAUSE

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

        A claim is frivolous if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984); Jackson

1 v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

2       A complaint, or portion thereof, fails to state a claim if it appears beyond doubt 3 there is no set of supporting facts entitling plaintiff to relief. Hishon v. King & Spalding, 467 4 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt 5 Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under 6 this standard, the court must accept as true its allegations, Hospital Bldg. Co. v. Rex Hosp. 7 Trustees, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and 8 resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 ( 1969).

9       Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 10 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th 11 Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se 12 plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before 13 dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

14       Plaintiff has filed a document entitled, "injunctive relief against malicious 15 prosecution." This filing will be construed as a complaint. Plaintiff alleges that defendants 16 violated certain rights while prosecuting him in state court during the period from January 14, 17 2002 to January 28, 2002, and January 30, 2003 to February 5, 2003. Compl. at 1-2. Plaintiff 18 claims defendant deputy district attorney Skaggs maliciously prosecuted him with forged 19 pleadings and manufactured evidence in order to obtain a wrongful conviction, and that 20 defendant Judge Couzens abused his jurisdiction and discriminated against plaintiff by depriving 21 him of the right to be heard, all in violation of 42 U.S.C. § 1983. Id. at 1-2. Other claims related 22 to this criminal prosecution are for unlawful arrest, falsification of arrest records, police 23 misconduct, prosecutorial misconduct, deprivation of the right to a fair trial and to present a 24 defense. Id. at 2-3. Plaintiff also alleges bench warrants were issued against him so that he 25 would be prevented from appearing at the Division of Labor Standard Enforcement to prosecute 26 a claim for wages, and that the criminal prosecution was in retaliation for filing an appeal from

the Labor Commissioner's decision. Id. at 3. Although plaintiff alleges that he has gone through two trials, he alludes to an impending third trial and uses the present tense in his allegations that he is currently being prosecuted. Plaintiff seeks injunctive relief and monetary damages.

The United States Supreme Court in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), determined that a civil rights action which implicates the validity of a criminal conviction cannot be brought until the conviction or sentence has been reversed on direct appeal. Heck applies with equal force to bar civil rights claims which implicate the validity of pending criminal prosecutions. See Harvey v. Waldron, 210 F.3d 1008 (9th Cir.2000). According to plaintiff, he is either still subject to pending criminal proceedings, or his conviction has not been overturned. This circuit recently held that "a claim, that if successful would necessarily imply the invalidity of a conviction in a pending criminal prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist." Harvey, 210 F.3d at 1014.

If plaintiff's claim is construed as seeking injunctive relief under 42 U.S.C. § 1983, the federal court must abstain from deciding the petition and dismiss it, pursuant to the Younger abstention doctrine. Younger v. Harris, 401 U.S. 37, 91 S. Ct. 760 (1971). The Younger abstention doctrine applies when the following factors are present: "(1) ongoing state judicial proceeding;[1] (2) implication of an important state interest in the proceeding; and (3) an adequate opportunity to raise federal questions in the proceedings." World Famous Drinking Emporium v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir. 1987). When the Younger doctrine applies, the district court should dismiss the action. Id. at 1081. See Confederated Salish v. Simonich, 29 F.3d 1398, 1405 (9th Cir.1994) (stating requirements for Younger abstention); Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir.1986) (per curiam) (finding abstention proper in federal civil rights action seeking declaratory and monetary relief for conduct in ongoing state

---

[1] Ongoing state proceedings include all proceedings that are judicial in nature. Agriesti v. MGM Grand Hotels, Inc., 53 F.3d 1000, 1002 (9th Cir. 1995).

criminal proceeding).

When state criminal proceedings are at issue, such as in plaintiff's case, the district court should abstain absent exceptional circumstances. <u>Younger</u>, 401 U.S. at 53-54; <u>See</u>, <u>also</u>, <u>Clifton v. Cox</u>, 549 F.2d 722, 729 (9th Cir. 1977) (a federal court should not ordinarily interfere with state court actions where the state is seeking to enforce its own laws)[2]; <u>Dubinka v. Judges of Superior Court</u>, 23 F.3d 218, 225 (9th Cir. 1994) (describing narrowness of exception in regard to constitutionality of state statute where although most likely unconstitutional, if statute may be applied constitutionally in some cases, abstention applies). "It is well established that federal constitutional challenges to prospective state criminal incarceration must first be litigated in the courts of the demanding state." <u>State Ex Rel. Bailey v. Shepard</u>, 584 F.2d 858, 861 (8th Cir. 1978) (citing cases).

Plaintiff implies there is a third upcoming trial on criminal charges, thus meeting the first requirement listed above. There is an important state interest in correcting its own errors in convicting defendants, as shown by the federal exhaustion doctrine, thus meeting the second requirement. Furthermore, attacking a state court judgment in federal court by suing the state judges involved, while the state court judgment is on appeal, involves important state principles and warrants application of <u>Younger</u> abstention. See <u>Lebbos v. Judges of Superior Court</u>, 883 F.2d 810, 814 (9th Cir. 1989). Finally, plaintiff has not shown that the state courts cannot address his claims in a timely manner. Many of the grounds raised by plaintiff impact state court issues only and do not raise concerns of a constitutional magnitude. Although there are constitutional requirements in regard to the right to a fair trial and to present a defense, they can be litigated in the state's forum. Even if the state courts do not grant plaintiff the relief he seeks

---

[2] One of the few exceptions to abstention is the situation found in <u>Clifton</u>, where a plaintiff is a federal official whose acts were properly within his duties, and therefore he cannot be prosecuted for those actions by the state. The Supremacy Clause prohibits state court review of federal authority. <u>Id</u>. at 730. "A colorable double jeopardy claim is a preeminent example of one of the very few 'unusual circumstances' justifying federal court intervention in a state proceeding." <u>Gilliam v. Foster</u>, 61 F.3d 1070, 1082 (4th Cir. 1995).

regarding malicious prosecution, plaintiff still may pursue relief through subsequent state and federal proceedings.

Good cause appearing, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. PLAINTIFF SHOW CAUSE, within twenty days from the date this order is filed, why this action should not be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). PLAINTIFF ALSO IS DIRECTED TO SHOW CAUSE, in the alternative, why this court should not abstain from considering the claims presented herein, pursuant to Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746 (1971), and dismiss this action. See Beltran v. California, 871 F.2d 777, 782 (1988).

DATED:   6/26/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS,
UNITED STATES MAGISTRATE JUDGE

GGH:076
Rotar0970.amd.wpd