IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VIOREL ROTAR,

    Plaintiff,

vs.                            No. CIV S-06-0970 MCE GGH PS

COLETTE SKAGGS, et al.,

    Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

        The complaint alleges that plaintiff was maliciously prosecuted in state court with forged pleadings, and that this criminal prosecution involved his unlawful arrest, falsification of arrest records, police misconduct, prosecutorial misconduct, and deprivation of the right to a fair trial and to present a defense. Although plaintiff alleges that he has gone through two trials, he alludes to an impending third trial and uses the present tense in his allegations that he is currently being prosecuted. Plaintiff seeks injunctive relief and monetary damages.

        On June 26, 2006, this court issued an order to show cause why this case should not be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994) or Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746 (1971). Plaintiff filed a response on July 14, 2006.

1

Plaintiff has brought to the court's attention a prior case filed in this court, Rotar v. Skaggs, Civ. S. 03-0552 DFL JFM PS.  That action raised the same complaints as raised in the instant case, against at least some of the same defendants.  That action was dismissed based on Heck and Younger, and the dismissal was later affirmed by the Ninth Circuit Court of Appeals.

Plaintiff now states that his conviction was reversed; however, he has not presented evidence of this reversal.[1]  Even if Heck is no longer a bar to this action, the action is still barred by Younger.  Plaintiff continues to argue that he is still being prosecuted, and by his request for injunctive relief, he seeks to prevent a third criminal trial against him.  He contends he is being prosecuted maliciously and in bad faith, which he claims is an exception to Younger.

If plaintiff's claim is construed as seeking injunctive relief under 42 U.S.C. § 1983, the federal court must abstain from deciding the petition and dismiss it, pursuant to the Younger abstention doctrine.  Younger v. Harris, 401 U.S. 37, 91 S. Ct. 760 (1971).  The Younger abstention doctrine applies when the following factors are present: "(1) ongoing state judicial proceeding;[2] (2) implication of an important state interest in the proceeding; and (3) an adequate opportunity to raise federal questions in the proceedings." World Famous Drinking Emporium v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir. 1987).  When the Younger doctrine applies, the district court should dismiss the action.  Id. at 1081.  See Confederated Salish v. Simonich, 29 F.3d 1398, 1405 (9th Cir.1994) (stating requirements for Younger abstention); Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir.1986) (per curiam) (finding abstention proper in federal civil rights action seeking declaratory and monetary relief for conduct in ongoing state criminal proceeding).

\\\\\

---

[1] The West data base for California reported and unreported cases did not contain any appellate, criminal disposition.  Only one case mentioning this plaintiff was found, and that was a civil tort action.  Rotar v. Kalai, 2005 WL 469679 (Cal. App. 2005).

[2] Ongoing state proceedings include all proceedings that are judicial in nature.  Agriesti v. MGM Grand Hotels, Inc., 53 F.3d 1000, 1002 (9th Cir. 1995).

When state criminal proceedings are at issue, such as in plaintiff's case, the district court should abstain absent exceptional circumstances. Younger, 401 U.S. at 53-54; See, also, Clifton v. Cox, 549 F.2d 722, 729 (9th Cir. 1977) (a federal court should not ordinarily interfere with state court actions where the state is seeking to enforce its own laws)[3]; Dubinka v. Judges of Superior Court, 23 F.3d 218, 225 (9th Cir. 1994) (describing narrowness of exception in regard to constitutionality of state statute where although most likely unconstitutional, if statute may be applied constitutionally in some cases, abstention applies). "It is well established that federal constitutional challenges to prospective state criminal incarceration must first be litigated in the courts of the demanding state." State Ex Rel. Bailey v. Shepard, 584 F.2d 858, 861 (8th Cir. 1978) (citing cases).

Plaintiff's response to the show cause order indicates there is a third upcoming trial on criminal charges, thus meeting the first requirement listed above. There is an important state interest in correcting its own errors in convicting defendants, as shown by the federal exhaustion doctrine, thus meeting the second requirement. Furthermore, attacking a state court judgment in federal court by suing the state judges involved, while the state court judgment is on appeal, involves important state principles and warrants application of Younger abstention. See Lebbos v. Judges of Superior Court, 883 F.2d 810, 814 (9th Cir. 1989). Finally, plaintiff has not shown that the state courts cannot address his claims in a timely manner. Many of the grounds raised by plaintiff impact state court issues only and do not raise concerns of a constitutional magnitude. Although there are constitutional requirements in regard to the right to a fair trial and to present a defense, they can be litigated in the state's forum. Even if the state courts do not grant plaintiff the relief he seeks regarding malicious prosecution, plaintiff still may pursue relief

---

[3] One of the few exceptions to abstention is the situation found in Clifton, where a plaintiff is a federal official whose acts were properly within his duties, and therefore he cannot be prosecuted for those actions by the state. The Supremacy Clause prohibits state court review of federal authority. Id. at 730. "A colorable double jeopardy claim is a preeminent example of one of the very few 'unusual circumstances' justifying federal court intervention in a state proceeding." Gilliam v. Foster, 61 F.3d 1070, 1082 (4th Cir. 1995).

3

1  through subsequent state and federal proceedings.  Plaintiff's claim of bad faith prosecution, as
2  set forth herein, is insufficient to provide the exceptional circumstances required by Younger.
3  　　　　　Good cause appearing, IT IS RECOMMENDED that this action be dismissed
4  without prejudice.
5  　　　　　These findings and recommendations are submitted to the United States District
6  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
7  (10) days after being served with these findings and recommendations, plaintiff may file written
8  objections with the court and serve a copy on all parties.  Such a document should be captioned
9  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
10 failure to file objections within the specified time may waive the right to appeal the District
11 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
12 DATED:   8/1/06

　　　　　　　　　　　　　　　　　　　　/s/ Gregory G. Hollows

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　GREGORY G. HOLLOWS,
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

GGH:076
Rotar0970.fr.wpd

4